UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 23-3194 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

Table of Authorities ……………………………………………………………………………….ii

Introduction ………………………………………………………...…………………………..1

Background ………………………………………………………………………………….…1

Legal Standard ……………………………………………………………………...…………..2

Argument …………………………………………………….…………………………………3

    I.   The Surveillance Video was Created for Law Enforcement Purposes ……………...……3

    II.  The Secret Service Properly Withheld the Surveillance Video Under Exemption 7(E) ……4

    III. The Secret Service Lawfully Withheld the Video Under Exemption 7(F) …………………7

    IV. The Video Contains No Non-Exempt Reasonably Segregable Portions ……………...…8

Conclusion ………………………………………………………………………...……………..10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agrama v. IRS*,
  282 F. Supp. 3d 264 (D.D.C. 2017) ................................................................................................ 8
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ......................................................................................................................... 2
*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011) ......................................................................................................... 5
*Boyd v. Crim. Div. of Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007) ....................................................................................................... 9
*Brayton v. Off. of U.S. Trade,
  Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ............................................................................................. 2
*Burnett v. Dep't of Just.*,
  No. 21-5092, 2021 U.S. App. LEXIS 35872 (D.C. Cir. Dec. 3, 2021) ...................................... 8
*Campbell v. Dep't of Just.*,
  164 F.3d 20 (D.C. Cir. 1998) ......................................................................................................... 4
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ......................................................................................................................... 2
*Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*,
  740 F.3d 195 (D.C. Cir. 2014) .................................................................................................. 4, 7
*Farese v. Dep't of Just.*,
  826 F.2d 129 (D.C. Cir. 1987) ....................................................................................................... 8
*Ford v. Dep't of Just.*,
  208 F. Supp. 3d 237 (D.D.C. 2016) .......................................................................................... 4, 6
*Frank LLP v. Consumer Fin. Prot. Bur.*,
  327 F. Supp. 3d 179 (D.D.C. 2018) ............................................................................................... 7
*Frankenberry v. FBI*,
  2012 U.S. Dist. LEXIS 39027 (M.D. Pa. Mar. 22, 2012) .......................................................... 6
*Friedman v. Secret Serv.*,
  282 F. Supp. 3d 291 (D.D.C. 2017) ............................................................................................... 8
*Gatson v. FBI*,
  2017 U.S. Dist. LEXIS 140746 (D.N.J. Aug. 31, 2017) ............................................................ 6
*Gun Owners of Am., Inc. v. FBI*, Civ. A.,
  No. 22-3379 (JEB), 2024 U.S. Dist. LEXIS 9399 (D.D.C. Jan. 18, 2024) ............................... 4
*Hasbrouck v. Customs & Border Prot.*, Civ. A.,
  No. 10-3793, 2012 U.S. Dist. LEXIS 7450 (N.D. Cal. Jan. 23, 2012) ..................................... 6
*Jefferson v. Dep't of Just.*,
  284 F.3d 172 (D.C. Cir. 2002) ....................................................................................................... 4
*Johnston v. Wray*, Civ. A.,
  No. 20-0520, 2022 U.S. Dist. LEXIS 94346 (D. Ariz. May 23, 2022) ..................................... 4
*Jud. Watch, Inc. v. Dep't of,
  Com.*, 337 F. Supp. 2d 146 (D.D.C. 2004) ................................................................................... 5

*Larson v. Dep't of State*,
   565 F.3d 857 (D.C. Cir. 2009) ............................................................................................... 3
*Leopold v. Dep't of Just.*, Civ. A.,
   No. 19-2796 (JEB), 2021 U.S. Dist. LEXIS 137329 (D.D.C. July 23, 2021) ........................ 9
*Levinthal v. FEC*,
   219 F. Supp. 3d 1 (D.D.C. 2016) ........................................................................................... 4
*Mayer Brown LLP v. IRS*,
   562 F.3d 1190 (D.C. Cir. 2009) ............................................................................................. 5
*McGehee v. CIA*,
   697 F.2d 1095 (D.C. Cir. 1983) ............................................................................................. 3
*Mead Data Cent. v. Air Force*,
   566 F.2d 242 (D.C. Cir. 1977) ............................................................................................... 8
*Media Rsch. Ctr. v. Dep't of Just.*,
   818 F. Supp. 2d 131 (D.D.C. 2011) .................................................................................. 2, 3
*Military Audit Project v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ............................................................................................... 3
*Morley v. CIA*,
   453 F. Supp. 2d 137 (D.D.C. 2006) ....................................................................................... 7
*New York Times Co. v. Secret Serv.*, Civ. A.,
   No. 17-1885, 2018 U.S. Dist. LEXIS 18639 (S.D.N.Y. Feb. 5, 2018) .................................. 8
*Piper v. Dep't of Just.*,
   294 F. Supp. 2d 16 (D.D.C. 2003) ......................................................................................... 7
*Sea Shepherd Conservation Soc'y v. IRS*,
   208 F. Supp. 3d 58 (D.D.C. 2016) ......................................................................................... 4
*Skinner v. Dep't of Just.*,
   744 F. Supp. 2d 185 (D.D.C. 2010) ....................................................................................... 6
*Summers v. Dep't of Just.*,
   140 F.3d 1077 (D.C. Cir. 1998) ............................................................................................. 9
*Tax Analyst v. IRS*,
   294 F.3d 71 (D.C. Cir. 2002) ................................................................................................. 4
*Wildlife v. Border Patrol*,
   623 F. Supp. 2d 83 (D.D.C. 2009) ......................................................................................... 2

**Statutes**

5 U.S.C. § 552(b) ........................................................................................................................... 8
5 U.S.C. § 552(b)(7) ...................................................................................................................... 3
5 U.S.C. § 552(b)(7)(E) ............................................................................................................. 2, 5
5 U.S.C. § 552(b)(7)(F) ............................................................................................................. 2, 7
6 U.S.C § 381 ................................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 2

**INTRODUCTION**

This lawsuit stems from a Freedom of Information Act ("FOIA") request that Plaintiff Judicial Watch, Inc. ("Plaintiff" or "Judicial Watch") submitted to the U.S. Secret Service ("Secret Service") for records regarding the death of Tafari Campbell.  The only issue that remains in dispute is whether the Secret Service lawfully withheld surveillance video footage of former President Barack Obama's home in Martha's Vineyard, Massachusetts in response to the request.  Because the Secret Service is lawfully withholding the video under Exemptions 7(E) and 7(F), Defendant is entitled to an order granting summary judgment in its favor.

**BACKGROUND**

Tafari Campbell was a chef at the White House during former President Obama's tenure. John Hilliard, Former White House chef's drowning death was accidental, state medical examiner finds, Boston Globe (Aug. 22, 2023, 12:39 p.m.) [https://www.bostonglobe.com/2023/08/22/metro/obama-chefs-death-accidental/](https://www.bostonglobe.com/2023/08/22/metro/obama-chefs-death-accidental/).  Tragically, on July 23, 2023, Campbell died from drowning in the Edgartown Great Pond when he was in Martha's Vineyard, Massachusetts visiting the former president.  *Id*.

On August 9, 2023, Judicial Watch submitted a FOIA request to the U.S. Secret Service for all records related to Campbell's death on July 23 to 24, 2023, in the Edgartown Great Pond. Tyrell Decl. ¶ 3 (attached).  The Secret Service is a component of Defendant the Department of Homeland Security ("Department" or "Agency").  *See*, 6 U.S.C § 381.  The Secret Service acknowledged Plaintiff's request and, on August 21, 2023, the Secret Service notified Plaintiff that it had finished searching for responsive records.  Tyrell Decl. ¶¶ 4-5.  On December 11, 2023, the Secret Service sent Plaintiff non-exempt portions of thirty-one pages of records responsive to Plaintiff's request.  *Id.* ¶ 7.  The Secret Service withheld in full two paper records and a video.  *Id.*

In continuing to litigate these FOIA claims, Plaintiff is limiting its challenge to the Secret Service's decision to withhold the video and is not challenging the other withholdings or the scope of the Secret Service's search. *Id.* ¶ 8 n.1. The video is footage from a security camera located at the back of President Obama's residence in Martha's Vineyard. *Id.* ¶ 9. The Secret Service is withholding the video in full under Exemption 7(E), the law enforcement techniques and procedures exemption, 5 U.S.C. § 552(b)(7)(E), and Exemption 7(F), the endangerment of life or physical safety exemption, 5 U.S.C. § 552(b)(7)(F). *See* Tyrell Decl. ¶ 8. The Secret Service determined that the video did not contain any non-exempt, reasonably segregable portions that could be released. *Id.* ¶ 18.

**LEGAL STANDARD**

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is up to the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celtex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defs. of Wildlife v. Border Patrol*, 623 F.

Supp. 2d 83, 87 (D.D.C. 2009)). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

**ARGUMENT**

The surveillance video of former President Obama's home that Plaintiff seeks was created for law enforcement purposes and, if released, would reveal confidential law enforcement tools, techniques, and procedures, and reveal information could threaten individuals' lives or personal safety. Thus, the surveillance video is exempt from disclosure under Exemptions 7(E) and 7(F). The video also does not contain any reasonably segregable portions that can be released.

**I.    The Surveillance Video was Created for Law Enforcement Purposes.**

To establish the applicability of any subparts of FOIA Exemption 7, the government must first show that the records at issue were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The D.C. Circuit "has long emphasized that the focus is on how and under what circumstances the requested files were compiled, . . . and 'whether the files sought relate to

3

anything that can fairly be characterized as an enforcement proceeding.'" *Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 79 (D.D.C. 2016) (quoting *Jefferson v. Dep't of Just.*, 284 F.3d 172, 177 (D.C. Cir. 2002)). A record is "compiled for law enforcement purposes" within the meaning of Exemption 7 "so long as there is (1) a rational 'nexus' between the record and the agency's law enforcement duties, and (2) a connection between the subject of the record and a possible security risk or violation of federal law." *Levinthal v. FEC*, 219 F. Supp. 3d 1, 6 (D.D.C. 2016) (citing *Campbell v. Dep't of Just.*, 164 F.3d 20, 32 (D.C. Cir. 1998)). Further, where, as here, "the agency's principal function is law enforcement, courts are 'more deferential' to the agency's claimed purpose for the particular records." *Pub. Emps. for Env't Resp. ("PEER") v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, 740 F.3d 195, 203 (D.C. Cir. 2014) (quoting *Tax Analyst v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002)).

The surveillance video of President Obama's home meets this threshold. The Secret Service is a criminal law enforcement agency tasked with protecting current and former presidents, their immediate family members, and other prominent political figures. Tyrrell Decl. ¶ 11. The video depicts Secret Service agents performing surveillance and other protection related activities at President Obama's home. *Id.* ¶ 13. Indeed, surveillance footage created by or in the possession of a law enforcement agency has been found to meet the Exemption 7 threshold. *See e.g.*, *Gun Owners of Am., Inc. v. FBI*, Civ. A. No. 22-3379 (JEB), 2024 U.S. Dist. LEXIS 9399, at 8-9 (D.D.C. Jan. 18, 2024); *Johnston v. Wray*, Civ. A. No. 20-0520, 2022 U.S. Dist. LEXIS 94346, at *30 (D. Ariz. May 23, 2022); *Ford v. Dep't of Just.*, 208 F. Supp. 3d 237, 253 (D.D.C. 2016).

**II.     The Secret Service Properly Withheld the Surveillance Video Under Exemption 7(E).**

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records

4

or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). In fact, the exemption "only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009). Generally, techniques and procedures "not well known to the public" have been found to be exempt from disclosure under Exemption 7(E). *See, e.g., Jud. Watch, Inc. v. Dep't of Com*., 337 F. Supp. 2d 146, 181 (D.D.C. 2004). Even records containing commonly known procedures have been protected from disclosure "if the disclosure could reduce or nullify their effectiveness." *CREW v. Dep't of Just*., 870 F. Supp. 2d 70, 85 (D.D.C. 2012).

The video that Plaintiff seeks depicts Secret Service agents performing surveillance and protection-related activities, including via different techniques and technologies the Secret Service uses to monitor people coming and going from President Obama's property. Tyrell Decl. ¶¶ 13-14. Individuals who seek to harm President Obama, or any other protectees at President Obama's property, could use the video to discern natural vulnerabilities at the property. *Id*. ¶ 15. Further, releasing the video would reveal the location of the camera and the number of agents who protect President Obama. *Id.* ¶¶ 16-17. Bad actors could use this information to disable or circumvent the Secret Service protective techniques and endanger the life and physical safety of protectees and Secret Service personnel. *Id*. The video also depicts Secret Service agents' faces, which, if disclosed, would reveal the identities of the agents who protect President Obama. *Id*. ¶ 17. An

5

adversary seeking to harm President Obama or any of the agents who protect him could gain a tactical advantage based on knowing which agents are assigned to his detail. *Id.*

The Secret Service has identified specific harms that could occur should this surveillance footage become public. *Id.* ¶¶ 15-17. In past cases involving surveillance video, courts have found these same concerns to be valid reasons to allow a law enforcement agency to withhold such footage under Exemption 7(E). *Ford*, 208 F. Supp. 3d. at 253-54 (bank surveillance footage lawfully withheld because it would reveal the camera location, angle, and coverage area); *Johnston*, 2022 U.S. Dist. LEXIS 94346, at *29-30. Courts have reached the same conclusion regarding other types of surveillance technology. *See Gatson v. FBI*, 2017 U.S. Dist. LEXIS 140746, at *35-36 (D.N.J. Aug. 31, 2017) (protecting "information concerning the installation, locations, monitoring, and types of devices utilized in surveillance"); *Frankenberry v. FBI*, Civ. A. No. 08-1565, 2012 U.S. Dist. LEXIS 39027, at *71 (M.D. Pa. Mar. 22, 2012) (accepting FBI's explanation that disclosure of precise placement of recording devices used by FBI to monitor conversations would allow circumvention of technique), *aff'd on other grounds*, 567 F. App'x 120 (3d Cir. 2014).

In short, the video is being properly withheld under Exemption 7(E) because its release could enable people who seek to harm President Obama or any of the Secret Service agents assigned to his protective detail to identify vulnerabilities in the security protocol and then exploit those vulnerabilities in pursuit of that harm. Tyrell Decl. ¶¶ 15-17. "Courts have held that information pertaining to law enforcement techniques and procedures properly is withheld under Exemption 7(E) where disclosure reasonably could lead to circumvention of laws." *Skinner v. Dep't of Just.*, 744 F. Supp. 2d 185, 214 (D.D.C. 2010); *see also Hasbrouck v. Customs & Border Prot.*, Civ. A. No. 10-3793, 2012 U.S. Dist. LEXIS 7450, at *14 (N.D. Cal. Jan. 23, 2012)

(allowing withholding of certain identifiers used to retrieve personal information from law enforcement databases due to government's showing of harms of plausible circumvention, but not identifying whether first or second clause of Exemption 7(E) was at issue).

Because the Secret Service has demonstrated that releasing the video surveillance footage would allow for circumvention of the law, the Secret Service has lawfully withheld the footage under Exemption 7(E). *See, e.g.*, *Frank LLP v. Consumer Fin. Prot. Bur.*, 327 F. Supp. 3d 179, 185 (D.D.C. 2018) (endorsing protection of methods of questioning individuals because agency demonstrated "a risk of circumvention"); *Morley v. CIA*, 453 F. Supp. 2d 137, 157 (D.D.C. 2006) (approving the withholding of information pertaining to security clearances and background investigations on the ground that "disclosure of CIA security clearance and investigatory processes would risk circumvention of those processes in the future"); *Piper v. Dep't of Just.*, 294 F. Supp. 2d 16, 30 (D.D.C. 2003) (approving the withholding of polygraph test information on the ground that disclosure "has the potential to allow a cunning criminal to extrapolate a pattern or method to the FBI's questioning technique" and anticipate or thwart the FBI's strategy).

### III.     The Secret Service Lawfully Withheld the Video Under Exemption 7(F).

Exemption 7(F) covers records that, if disclosed, "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Exemption 7(F)'s language is very broad; it does not require that a particular kind of individual be at risk of harm – "any individual" will do. Disclosure need not definitely endanger life or physical safety; a reasonable expectation of endangerment suffices. *See, e.g.*, *PEER*, 740 F.3d at 205. Releasing the surveillance footage of President Obama's home would reveal natural vulnerabilities on the property, and various techniques and technologies the Secret Services uses to surveille the property and detect potential threats. Tyrell Decl. ¶¶ 15-16. Armed with this information, an individual

7

seeking to harm the life or physical safety of the former president, other protectees, or his Secret Service detail could more effectively plan, disable, or circumvent the Secret Service protective techniques.  *Id*. ¶ 16.  Indeed, Courts apply Exemption 7(F) to Secret Service records in circumstances, like here, where the information would allow adversaries to "more effectively plan, disable, or circumvent the Secret Service protective techniques," thereby endangering "the lives or physical safety of individuals under the protection of the Secret Service as well as the lives and physical safety of Secret Service personnel."  *CREW v. Dep't of Homeland Sec.*, 525 F. Supp. 3d 181, 197 (D.D.C. 2021); *see also Friedman v. Secret Serv*., 282 F. Supp. 3d 291, 307 (D.D.C. 2017)*; N.Y. Times Co. v. Secret Serv*., Civ. A. No. 17-1885, 2018 U.S. Dist. LEXIS 18639, at *31-32 (S.D.N.Y. Feb. 5, 2018).

Moreover, application of exemption 7(F) has been uniformly upheld to protect the names and identities of law enforcement, *see Burnett v. Dep't of Just.*, No. 21-5092, 2021 U.S. App. LEXIS 35872, at *4 (D.C. Cir. Dec. 3, 2021); *Farese v. Dep't of Just.*, 826 F.2d 129 (D.C. Cir. 1987), and here the video footage would reveal the identities of the Secret Service agents assigned to President Obama's security detail.  Tyrell Decl.  ¶ 17.  Thus, the Secret Service lawfully withheld the surveillance video under Exemption 7(F).

IV. **The Video Contains No Non-Exempt Reasonably Segregable Portions.**

Although an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'"  *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); *see* 5 U.S.C. § 552(b) (requiring "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt").  Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions."

*Mead Data Cent. v. Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  Before approving the application of a FOIA exemption, district courts must make specific findings of segregability regarding the material to be withheld.  *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998).  Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material.  *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 391 (D.C. Cir. 2007).

The Secret Service reviewed the video for segregability but determined that no portions of the video were reasonably segregable and could be released, because release of any portion would reveal the location of the security camera, the Secret Service's threat detection technologies, and topography of the protective site.  Tyrell Decl. ¶ 18.  This is the type of information that the Secret Service is withholding under Exemptions 7(E) and 7(F).  *Id.* ¶¶ 12-17.

Accordingly, the Secret Service appropriately applied Exemptions 7(E) and 7(F) to the surveillance video footage.  The Agency's declaration explains with requisite specificity the harm that would occur if the withheld information was released.  *See Leopold v. Dep't of Just.*, Civ. A. No. 19-2796 (JEB), 2021 U.S. Dist. LEXIS 137329, at *10 (D.D.C. July 23, 2021).  Thus, the Agency has appropriately carried its burden to establish that it fulfilled its segregability responsibilities, notwithstanding its determination that no portion of the video is reasonably segregable.

\*   \*   \*

## CONCLUSION

For these reasons, the Court should grant summary judgment in Defendant's favor.

Dated: February 26, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ *John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*